CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 15 2019

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Crim. No. 3:19cr00002 |
| v. ) | |
| ) | **REPORT & RECOMMENDATION** |
| RAYMOND RASHARD HUBBARD, ) | |
| Defendant. ) | By:  Joel C. Hoppe |
| ) | United States Magistrate Judge |

This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge under 28 U.S.C. § 636(b)(3). The defendant waived his right to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.

On November 15, 2019, the defendant appeared with counsel before the magistrate judge, who personally addressed the defendant and admonished him pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. Discussing the district judge's role of determining a sentence, the Court explained to the defendant that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge has the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by his attorney. The Court also admonished the defendant that if the district judge does not accept a recommendation set forth in the plea agreement, the defendant will still be bound by his plea and will have no right to withdraw it. The defendant stated that he understood the Court's admonishments. The attorney for the Government stated the essential terms of the plea agreement, which has been filed with the Court, and the defendant and his counsel agreed that those in fact were the terms of the

agreement. The defendant further stated that he had read the plea agreement, had reviewed it with his counsel, and understood it. Accordingly, the undersigned finds that the defendant understands the charge to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed the defendant personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises other than promises made in a plea agreement or in open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned finds the defendant to be sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The government presented a statement of facts, which has been filed with the Court, regarding the offense to which the defendant pleaded guilty. The defendant testified that he read the statement of facts and discussed it with his attorney. He agreed that the statement of facts was accurate and did not contest those facts. No additional facts beyond those contained in the written statement of facts were presented at the guilty plea hearing. The statement of facts presents the following:

On February 23, 2016, law enforcement officers executed a search warrant on a residence of someone the defendant knows. The following day, officers interviewed the defendant, and he admitted to having firearms at his residence and consented to a search of his residence. During the search, officers found two firearms, a .380 Bersa pistol and a Stag Arms AR-15 rifle. Each is a "firearm" under 18 U.S.C § 921(a)(3). The defendant admitted that he requested that Individual A purchase the Stag-Arms AR-15 from a licensed dealer, complete any necessary forms, and provide the firearm to the defendant. On February 6, 2016, Individual A purchased the Stag Arms AR-15 at Culpeper Pawn, which is a licensed dealer of firearms. Individual A submitted

forms to Culpeper Pawn stating that she was the actual buyer of the firearm and it was not for someone else. These statements were false because, at the time she made them, Individual A and the defendant knew that she was purchasing the firearm for the defendant, who was a convicted felon and could not purchase the firearm himself.

The undersigned finds that these facts provide a sufficient basis for the defendant's guilty plea to the charge of aiding and abetting in making a false statement in relation to the purchase of a firearm. Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to Count One of the Superseding Information, aiding and abetting in making a false statement in relation to the purchase of a firearm, in violation of 18 U.S.C. §§ 2, 922(a)(6), and 924(a)(2).

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charge and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant fully understands his constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

### **RECOMMENDATION**

The magistrate judge RECOMMENDS that the district judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

### RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned finds that clear and convincing evidence exists that the defendant is not likely to flee or pose a danger to the community if released:

The defendant has been on pretrial release, and there was no request for a change of status.

### NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Norman K. Moon, Senior United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: November 15, 2019

Joel C. Hoppe
United States Magistrate Judge